UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Criminal Case No. 19-20395
Honorable Linda V. Parker

REGINALD DEMOND FORSYTHE,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE

On November 12, 2019, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a). (Plea Agreement, ECF No. 24 at Pg. ID 49.) On September 30, 2020, this Court sentenced Defendant to a mandatory term of imprisonment of 60 months, followed by a 60-month term of supervised release. (Judgment, ECF No. 40.) According to the Government, Defendant's projected release date is September 4, 2023. The matter is presently before the Court on Defendant's Motion for Reduction in Sentence, filed pursuant to 18 U.S.C. § 3582. (ECF No. 42). For the following reasons, the Court is denying Defendant's motion.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C.§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020). The burden is on the defendant to prove that "extraordinary and compelling reasons" exist to justify release under the statute. *See, e.g., United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. §3553(a).

## ANALYSIS

Defendant attempted to exhaust his administrative remedies by submitting a request for compassionate release to the BOP on or about November 7, 2020.[1] He claims that his medical conditions (hypertension, diabetes, and obesity), in conjunction with his race and the COVID-19 pandemic, constitute extraordinary and compelling circumstances warranting his release. The Court finds it unnecessary to decide whether Defendant's stated reasons for release are "extraordinary and compelling" because it concludes that the § 3553(a) factors do not support his release.

Defendant was carrying 171 grams of methamphetamine and almost $40,000 in cash in conjunction with the current offense. (PSR ¶ 12.) He fled the police

---

[1] Defendant's request was cursory, stating only: "I would like to request for compassionate release thank you." (*See* ECF No. 49-2.) The sufficiency of the request need not be addressed, however, as the Court concludes Defendant is not entitled to relief.

when stopped.  (*Id.*)  Defendant has a lengthy criminal history involving drug trafficking, in addition to two convictions involving the carrying of a weapon.  (*Id.* ¶¶ 28-35.)  He also has a history of absconding from probation and committing additional crimes while on probation.  (*Id.* ¶¶ 29-31, 33-35.)

Further, Defendant has yet to serve at least half of his current sentence.  At sentencing, this Court found the imposed sentence to be warranted under the circumstances and necessary to deter future criminal conduct.

For these reasons, the Court concludes that granting Defendant's motion and releasing him at this time will not appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," or "provide[s] just punishment for the offense."  18 U.S.C. § 3553(a).  It also will not serve to deter Defendant from future criminal conduct.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for a Reduction of Sentence is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 29, 2021